DANIEL G. BOGDEN
United States Attorney
District of Nevada
MICHAEL A. HUMPHREYS
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: michael.humphreys@usdoj.gov
Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:12-CV-00886-APG-(VCF) |
| 2006 MERCEDES-BENZ ML350 VIN NO. 4JGBB86E46A016429, | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION TO STRIKE**
**THE CLAIM OF ROBERT OSTRAM AND KAY OSTRAM (ECF NO. 15)**

The Plaintiff, United States of America, by and through the United States Attorney for the District of Nevada, moves this Court to strike the third-party, joint claim of Robert and Kay Ostram in the above-captioned case. This motion is based upon the Ostrams' failure to: 1) file their claim under penalty of perjury; and 2) file their claim within thirty-five (35) days of receipt of notice as required by statute.

**BACKGROUND AND FACTS**

From 2008 to 2011, Eduard Petroiu and others were engaged in a massive fraud where the conspirators would offer cars, trucks and other conveyances for sale over the internet that did not exist or did not belong to the conspirators to sell. Relying on the schemers' false promises, scores of unwitting buyer/victims sent money to the conspirators expecting to receive a car, or similar

conveyance, that was never delivered.  Once targeted by law enforcement, the conspirators' fraud scheme came to a swift end, culminating in their indictment in December 2011.  A superseding indictment was returned against the defendants in October 2012.  All but two of the 17 conspirators have pled guilty and have been sentenced.

On February 5, 2014, the Government served the Ostrams with copies of the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property, the Summons and Warrant of Arrest in Rem for the Property, and the Notice. Notice of Corrected Image/Document regarding ECF No. 22 Notice of Filing Service of Process – Mailing, ECF No. 23.

The Notice, in particular, described, in plain terms, how a putative claimant should go about filing a claim and answer and the time deadline for doing so.  On May 1, 2014, Robert Ostram and Kay Ostram filed both a claim and an answer with the Court. Claim, ECF No. 15. In their claim, they stated that they were defrauded of $6,078.00 when they attempted to purchase an Airstream camper.  Based on the notice that they received the Ostrams should have filed their joint claim no later than March 12, 2014.  However, they did not file their notice until May 1, 2014.

As described below, in filing their claim, the Ostrams, failed both substantively and procedurally, to comply with the mandatory requirements of law and, as a result, caselaw both within and outside of this Circuit mandates that their claim be stricken

## ARGUMENT

**The Ostrams' Lack Statutory and Constitutional Standing To Assert A Rule G(5) Claim**

A third-party litigant seeking to share in a forfeiture judgment has the burden to prove that s/he has a "legal interest" in the forfeited property to establish standing. *United States v. Timley,* 507 F.3d 1125, 1129-30 (8th Cir. 2007); *United States v. Salti*, 579 F. 3d 656, 667 n. 11 (6th Cir. 2009)(claimant has the burden of proof on the standing issue.  In addition, the claimant must strictly comply with any and all requirements of the pleading statues before his or her claim is recognized. *United States v. Real*

. . .

. . .

2

*Property and Premises Known as 323 Forrest Park Drive,* 2013WL 1316035 (6th Cir. April 2, 2013); *United States v. Mack 600 Dump* Truck, 680 F. Supp. 2d 816, 825 (E.D. Mich. 2010).

To qualify as valid claimants, the Ostrams must show that they have satisfied the statutory and constitutional standing requirements. *United States v. One Cadillac Seville*, 866 F.2d 1142 (9th Cir. 1989) ("We require proper standing to contest a forfeiture both as a statutory matter and as an Article III and prudential matter." *Id.* at 1148). Statutory standing is satisfied by showing strict compliance with the requirements of Rule G(5), Supplemental Rules for Admiralty and Maritime Claims. *United States v. $5,730.00* (109 JFed. Appx. 712, 713 (6th Cir 2004). Constitutional standing means that the Claimant must show that s/he has an actual imminent injury, not a hypothetical, conjectural or abstract injury. *United States v. Lazarenko*, 476 jFJ.3d 642, 649-5 (9th Cir. 2007). In this case, the Ostrams have proven neither.

First, to prove statutory standing, a putative claimant must satisfy the pleading requirements of the statute that authorizes him or her to file a claim. As such, in this case, the Ostrams must prove that they have complied with each element of Rule G(5) of the Supplemental Rules. To do so their claim must:

    A) identify the specific property claimed*;*

    B) identify the claimant and state the claimant's interest in the property;

    C) be signed by the claimant under penalty of perjury; and,

    D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Principally, the Ostrams have failed to file their claim under penalty in violation of item C, above. Collaterally, because the Ostrams' claim is markedly deficient (because they did not timely-file a verified claim) they are not entitled to relief and, therefore, cannot show an actual injury that would imbue them with constitutional standing, as required by *Lazarenko, supra*.

. . .

. . .

### A. **The Ostrams' Claim Was Filed Well Past The Statutory Deadline**

However, this Court need not rely solely on the unfulfilled elements of Rule G(5) to dismiss the Ostrams' claim; because that claim fails on an even more fundamental and conspicuous basis: they have filed their claim out of time. The Ostrams filed their claim and answer on May 1, 2014, exceeding the 35-day statutory deadline of March 12, 2014, by a full 50 days.

Under Rule G(4)(b)(ii)(B) a putative claimant must file a verified claim within thirty-five days of receiving notice from the Government. The Ostrams can hardly plead their ignorance of the obligations imposed by that statute, because the Notice they received lies out in plain language, their legal responsibility to file their claim within thirty-five days. Numerous courts have ruled that claims filed beyond the 35-day deadline will be dismissed. *United States v. Alvarez*, 710 F.3d 565-567-68 (5th Cir. 2013); *United States v. Osborne*, 357 Fed Appx. 109, 109-110 (9th Cir 2009); *United States v. Grossman,* 501 F. 3d 846, 848-49 (7th Cir. 2007)  As these cases make clear, the Ostrams failure to plead within the statutory time deadline constitutes a legitimate basis to strike their claim.

### B. **The Ostrams' Unverified Claim Violates A Basic Statutory Requirement**

The language of Rule G(5) plainly states that third-party claims must be filed under penalty of perjury. Thus, filing a third-party claim is a meaningless gesture unless done under penalty of perjury. As this Court can readily discern by looking at the Ostrams' claim (ECF No. 15) it bears no such verification.

Unverified claims cannot and do not attest to the veracity of the substantive representations within the document. Only an oath under penalty of perjury can do that. That is why courts have consistently ruled that filing a claim under penalty is not a mere technicality but is designed to eliminate the real danger of false claims. *United States v. Aitken,* 2010WL2951171; ("[V]erification is an essential element of any claim because of the substantial danger of false claims. Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse.") *See also United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2012); *United States v. Owens*, 2012WL583910 (S.D. Ind. 2010).

4

Insisting on verified claims is not an abstract, arbitrary or artificial barrier to confound putative litigants; but, instead, offers a practical safeguard against frivolous claims being filed. "Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse." *United States v. Commodity Account No. 549 54930,* 219 F.3d 595, 597 (7th Cir. 2000). The Ninth Circuit takes the same view. "We do not minimize the significance of the requirement that a claim be verified on oath or solemn affirmation. We have recognized that the danger of false claims is substantial." *United States v. 1982 . . Yukon Delta Houseboat, supra* 774 F.2d at 1436 (citation omitted). Even a notarized claim is insufficient.

> The claim of ownership filed by claimants' attorney failed to include any formal affirmation of the truthfulness of the statements contained in the claim. Nowhere in the claim did the [claimants] or their attorney attest to or swear that the statements contained therein were true. Thus, even though the claim was notarized, it was not verified within the meaning of Rule C(6). Accordingly, the [claimants] lacked statutory standing to bring their claim, and the district court properly granted the government's motion to strike.

*United States v. $103,387.27,* 863 F.2d 555, 560-61 (7th Cir. 1988).

Here, the Ostrams' claim is defective because they failed to file it under penalty of perjury, which, as stated above, is an express statutory obligation to establish standing. *United States v. Aiken*, 2010WL2951171 (D. Nev. 2010) ("[V]erification is an essential element of any claim because of the substantial danger of false claims. Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse.

. . .

. . .

. . .

. . .

. . .

. . .

5

**CONCLUSION**

In summary, the Ostrams' claim is deficient in that it fails to meet the basic pleading requirement embodied in Rule G(5) because it was not sworn to under oath and because it was filed well beyond the 35-day statutory deadline. As such, their joint claim should be stricken.

Respectfully submitted this 16th day of September, 2014.

        DANIEL G. BOGDEN
        United States Attorney

        */s/ Michael A. Humphreys*
        MICHAEL A. HUMPHREYS
        Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED: October 16, 2014

6